[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-16035
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-21203-CV-WPD

GERALD BENJAMIN FISHBONE,

                                        Petitioner-Appellant,

                versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

                                        Respondent-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------------

**(February 3, 2006)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.


PER CURIAM:

Defendant Gerald Fishbone appeals the denial of his habeas corpus petition,

claiming defense counsel failed to inform him he had the right to testify at trial.

No reversible error has been shown; we affirm.

On 6 August 1998, Defendant shot and killed Richard Deville during an appointment in Defendant's office at Seminole Tools. Defendant claims he acted in self-defense. Deville had called Defendant the day before to schedule an appointment to discuss purchasing tools. Because of a fraudulent transaction that occurred in 1997, Defendant feared Deville was a hit man. Defendant claims that after he led Deville into his office, Deville walked up and shoved him twice against his desk with a crazy look in his eyes. Defendant drew a gun. Deville cursed at Defendant. Defendant told Deville he was not playing around, the gun was loaded, and Deville should put his hands on his head. Deville again cursed at Defendant and lunged for the gun. Defendant closed his eyes and fired. The shot hit Deville in the neck, severing his spinal cord. Deville died minutes later. Defendant was convicted of second degree murder in June 2000 after a four-day trial. The district court denied Defendant's lengthy petition for habeas corpus in October 2004. It later granted Defendant's certificate of appealability on a single issue: whether Petitioner was denied the right to testify at trial.

A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial that cannot be waived by defense counsel. U.S. v. Teague, 953 F.2d 1525, 1532 (11th Cir. 1992). Defense counsel bears the responsibility for advising the defendant of his right to testify or not to testify, of the strategic

implications of each choice, and that it is ultimately for the defendant himself to decide. Id. at 1533. The appropriate vehicle for claims that defense counsel's acts let to a violation of this right is an ineffective assistance of counsel claim. Id. at 1534. To prevail, a petitioner must establish that 1) his or her counsel's representation fell below an objective standard of reasonableness, and 2) but for the deficiency in representation, a reasonable possibility exists that the result of the proceedings would have been different. Strickland v. Washington, 104 S.Ct. 2052 (1984).[1]

A court may decline to reach the performance element of an ineffective assistance of counsel claim if convinced that the prejudice prong cannot be satisfied. Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995). Assuming arguendo that Defense counsel interfered with Defendant's right to testify and provided ineffective counsel in so doing, we are convinced that Defendant was not prejudiced.[2]

---

[1] The Parties dispute whether the state court adjudicated the merits of Defendant's claim that he was deprived of the right to testify. If so, 28 U.S.C. § 2254(d) (2000) prohibits habeas relief unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." If not, we review ineffective assistance of counsel claims de novo. LeCroy v. Sec'y, Fla. Dept. of Corrections, 421 F.3d 1237, 1262 (11th Cir. 2005). Under either standard, we would look to the Strickland test and reach the same result.

[2] Because we do not reach the issue of whether Defendant was deprived of his right to testify, we also decline to consider Defendant's claim that he is entitled to an evidentiary hearing on this issue.

Defendant made two sworn statements to police–the contents of which were introduced at trial by the State. In his habeas petition, Defendant did not offer the proffered testimony he claims would change the outcome of the case. Assuming Defendant's testimony would have matched the detailed claims he made in his Objection to State's Response to Order to Show Cause, the testimony would have mirrored Defendant's earlier statements with the following additions: as Deville lunged at Defendant he covered Defendant's hand, tried to turn the gun towards Defendant, and ducked to avoid being shot. When Deville was shot, his body rolled to the right because the lunge made him off-balance. There is no reason to believe a jury would have found this testimony credible. Dr. Fackler, an expert on wound ballistics, testified that if the victim lunged forward as Defendant alleges, the victim would have landed with his head facing the gun–the opposite of how the body was found. Dr. Rao, the forensic pathologist that performed the autopsy and investigated the scene, also testified that the victim's wound and body position were inconsistent with Defendant's version of events. The defense presented no medical expert to support Defendant's story.

The jury heard other evidence that Defendant was not credible. Defendant claims that he was shoved twice against his desk, but the desk appeared orderly. When Officer Martinez mentioned this orderliness, Defendant claimed he had

straightened the desk before police arrived. After Defendant shot Deville, Defendant's first call was not to 911, but to a customer, Konstantinos Piliouras ("Gus"). Defendant told Gus what happened without mentioning that Deville shoved him or lunged for the gun. Defendant then called 911 but lied to the operator, claiming Deville had pushed his way into the office uninvited and appeared to be a robber.

If Defendant had testified, defense counsel would have lost the right under Florida law to present the final rebuttal argument. See Kelley v. Sec'y for D.O.C., 377 F.3d 1317, 1353 (11th Cir. 2004). Defendant would also have exposed himself to damaging rebuttal and impeachment evidence. In 1997, after appraising equipment for Richard Lee, Defendant received an unsolicited check for $49,000 with paperwork indicating he sold the appraised equipment to a leasing company, which he had not. At Lee's request, Defendant deposited the check in his own account. He allegedly attempted to return the money after he became concerned about fraud, but was unable to do so because the companies involved did not exist. He then received threatening phone calls, which contributed to his fear that Deville was a hit man. At trial, the State was prepared to present evidence that the companies did exist, Defendant lied about his efforts to return the money, and Defendant was only threatened with lawful action. But the district court ruled that

5

this evidence would only be admitted if Defendant testified.  Defense counsel made a tactical decision not to put Defendant on the stand.

Because Defendant's proposed testimony conflicted with that of two medical experts and would have exposed Defendant to damaging impeachment evidence,  no reasonable possibility exists that the result of the proceedings would have differed if Defendant had testified.  We therefore do not reach the issue of whether Defendant was in fact deprived of his right to testify or received ineffective assistance of counsel.  The district court judgment is **AFFIRMED.**